UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ITEMID AL MATAR, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | Judge |
| v. | ) | |
| | ) | Magistrate Judge |
| P.O. D.R. BORCHARDT #16806, | ) | |
| P.O. T.P. HANSEN # 3833, P.O. J. RUIZ | ) | JURY DEMAND |
| #13120, P.O. WEINGART #18482.  SGT. | ) | |
| LUCID #2361, P.O. M. WALTER #4118 | ) | |
| and THE CITY OF CHICAGO, | ) | |
| a municipal corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, ITEMID AL MATAR by and through her attorneys, Gregory E. Kulis & Associates, Ltd. and Phillip J. Robertson, Trial Attorney of the Council on American Islamic Relations and complaining against the Defendants, P.O. D.R. BORCHARDT #16806, P.O. T.P. HANSEN # 3833, P.O. J. RUIZ #13120, P.O. WEINGART #18482, P.O. M. WALTER #4118 and SGT. LUCID #2361, individually and THE CITY OF CHICAGO as follows:

**COUNT I – EXCESSIVE FORCE / FAILURE TO INTERVENE**

1.      This action is brought pursuant to the Laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, ITEMID AL MATAR accomplished by acts and/or omissions of Defendants P.O. D.R. BORCHARDT #16806, P.O. T.P. HANSEN # 3833, P.O. J. RUIZ #13120, P.O. WEINGART #18482, P.O. M.

1

WALTER #4118 and SGT. LUCID #2361, and THE CITY OF CHICAGO, a municipal corporation, committed under color of law.

  2. Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

  3. The Plaintiff, ITEMID AL MATAR, was at all relevant times, a resident of the City of Chicago, County of Cook, and State of Illinois.

  4. At all relevant times, the Defendants, P.O. D.R. BORCHARDT #16806, P.O. T.P. HANSEN # 3833, P.O. J. RUIZ #13120, P.O. WEINGART #18482, P.O. M. WALTER #4118 and SGT. LUCID #2361 were duly appointed Chicago Police Officers acting within the scope of their employment and under color of law.

  5. On or about July 4, 2015, the Plaintiff, ITEMID AL MATAR, was traveling home at the Lake / State Street Loop Station Stop on Chicago's CTA System.

  6. As the Plaintiff was walking she saw a group of officers pointing at her.

  7. The Plaintiff, ITEMID AL MATAR proceeded past the officers and up the stairs.

  8. The Plaintiff, ITEMID AL MATAR was not committing a crime or breaking the law.

  9. The Plaintiff, ITEMID AL MATAR continued up the stairs and toward the train with numerous other individuals.

  10. Several of the Defendants ran up the stairs and grabbed the Plaintiff and threw her down upon the stair landing, then pulling at her and ripping off her hijab.

  11. Other Defendants saw the continued use of force, had the opportunity to intervene, but failed to do so.

12. The force used was unprovoked.

13. The force used was unreasonable.

14. At at relevant times, the Defendants were acting pursuant to the customs and policies of the Chicago Police Department.

15. The actions of the Defendants, P.O. D.R. BORCHARDT #16806, P.O. T.P. HANSEN # 3833, P.O. J. RUIZ #13120, P.O. WEINGART #18482, P.O. M. WALTER #4118 and SGT. LUCID #2361 were intentional, willful and with malice.

16. Said actions of the Defendants, P.O. D.R. BORCHARDT #16806, P.O. T.P. HANSEN # 3833, P.O. J. RUIZ #13120, P.O. WEINGART #18482, P.O. M. WALTER #4118 and SGT. LUCID #2361 violated the Plaintiff, ITEMID AL MATAR'S Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983.

17. As a direct and proximate consequence of said conduct of the Defendants, P.O. D.R. BORCHARDT #16806, P.O. T.P. HANSEN # 3833, P.O. J. RUIZ #13120, P.O. WEINGART #18482, P.O. M. WALTER #4118 and SGT. LUCID #2361, individually, jointly and severalty, the Plaintiff, ITEMID AL MATAR suffered violations of her constitutional rights, emotional anxiety, fear, humiliation, monetary loss, embarrassment, fear, pain and suffering and future pain and suffering.

**WHEREFORE**, the Plaintiff, ITEMID AL MATAR, prays for judgment in her favor and against the Defendants, P.O. D.R. BORCHARDT #16806, P.O. T.P. HANSEN # 3833, P.O. J. RUIZ #13120, P.O. WEINGART #18482, P.O. M. WALTER #4118 and SGT. LUCID #2361 for a reasonable amount in compensatory damages, punitive damages, plus attorneys' fees and costs.

## COUNT II – FALSE ARREST

1-13. The Plaintiff, ITEMID AL MATAR, hereby realleges and incorporates her allegations of paragraphs 1-13 of Count I as her respective allegations of paragraphs 1-13 of Count II as though fully set forth herein.

14. To cover up their unlawful use of force the Defendants P.O. D.R. BORCHARDT #16806, P.O. T.P. HANSEN # 3833, P.O. J. RUIZ #13120, P.O. WEINGART #18482, P.O. M. WALTER #4118 and SGT. LUCID #2361 arrested the Plaintiff.

15. There were no facts to support probable cause to arrest the Plaintiff.

16. The Defendants, P.O. D.R. BORCHARDT #16806, P.O. T.P. HANSEN # 3833, P.O. J. RUIZ #13120, P.O. WEINGART #18482, P.O. M. WALTER #4118 and SGT. LUCID #2361 charged the Plaintiff with numerous criminal charges.

17. The charges against the Plaintiff were false.

18. At all relevant times, the Defendant, P.O. D.R. BORCHARDT #16806, P.O. T.P. HANSEN # 3833, P.O. J. RUIZ #13120, P.O. WEINGART #18482, P.O. M. WALTER #4118 and SGT. LUCID #2361, were acting pursuant to the customs and policies of the Chicago Police Department.

19. The actions of the Defendants were intentional, willful and with malice.

20. Said actions of the Defendants, P.O. D.R. BORCHARDT #16806, P.O. T.P. HANSEN # 3833, P.O. J. RUIZ #13120, P.O. WEINGART #18482, P.O. M. WALTER #4118 and SGT. LUCID #2361, violated the Plaintiff, ITEMID AL

MATAR'S Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. § 1983.

21.   As a direct and proximate consequence of said conduct of the Defendant, P.O. D.R. BORCHARDT #16806, P.O. T.P. HANSEN # 3833, P.O. J. RUIZ #13120, P.O. WEINGART #18482, P.O. M. WALTER #4118 and SGT. LUCID #2361, the Plaintiff, ITEMID AL MATAR, suffered violations of her constitutional rights, emotional anxiety, fear, humiliation, monetary loss, pain and suffering and future pain and suffering.

**WHEREFORE**, the Plaintiff, ITEMID AL MATAR, prays for judgment in her favor and against the Defendants, P.O. D.R. BORCHARDT #16806, P.O. T.P. HANSEN # 3833, P.O. J. RUIZ #13120, P.O. WEINGART #18482, P.O. M. WALTER #4118 and SGT. LUCID #2361 for a reasonable amount in compensatory damages, punitive damages, plus attorneys' fees and costs.

### COUNT III - UNLAWFUL SEARCH

1-19.   The Plaintiff hereby realleges and incorporates her allegations of paragraphs 1-19 of Count II though fully set forth herein.

20.   At the Police Station, the Plaintiff was ordered to strip down naked by Defendants, P.O. WEINGART #18482 and SGT. LUCID #2361 and one other Defendant.

21.   Said search was unlawful and unreasonable.

22.   The actions of this search was conducted pursuant to the customs, policies and practices of the Chicago Police Department.

5

23. As a result thereof, the Plaintiff suffered emotional distress, embarrassment, humiliation, fear, pain and suffering.

24. The actions of the above Defendants were intentional, willful and wanton.

25. As a result of the actions of these Defendants, the Plaintiff suffered violations of her Fourth and Fourteenth Amendment Rights as protected and in violation of 42 U.S.C. §1983.

26. As a direct and proximate consequence of said conduct the Plaintiff suffered violations of her constitutional rights, fear, emotional distress, anxiety, embarrassment, pain and suffering.

**WHEREFORE**, the Plaintiff, ITEMID AL MATAR, prays for judgment in her favor and against the Defendants, P.O. D.R. BORCHARDT #16806, P.O. T.P. HANSEN # 3833, P.O. J. RUIZ #13120, P.O. WEINGART #18482, P.O. M. WALTER #4118 and SGT. LUCID #2361 for a reasonable amount in compensatory damages, punitive damages, plus attorneys' fees and costs.

**COUNT IV – VIOLATION OF FREEDOM OF RELIGIOUS EXPRESSION**
**FIRST AND FOURTEENTH AMENDMENT**

1-63. The Plaintiff, ITEMID AL MATAR hereby realleges and incorporates her allegations of paragraphs 1-17 of Count I, 1-20 of Count II and 1-26 of Count III as her respective allegations of paragraphs 1-63 of Count V as though fully set forth herein.

64. The Plaintiff, ITEMID AL MATAR was wearing her hijab and niqāb in profession of her religion and faith.

65. Upon seizing the Plaintiff, her hijab and niqāb were ripped off her.

6

66. The fact that Plaintiff was wearing these clothing items was the impetus behind the actions of the Defendants.

67. Said actions were intentional, willful and wanton.

68. Said actions were in violation of the Plaintiff's right to freedom of religious expression and constituted a violation of her First and Fourteenth Amendment Rights of the United States Constitution.

69. As a result of the actions of the Defendants, the Plaintiff suffered emotional distress, embarrassment, insult, fear, anxiety, pain and suffering.

**WHEREFORE**, the Plaintiff, ITEMID AL MATAR, prays for judgment in her favor and against the Defendants, P.O. D.R. BORCHARDT #16806, P.O. T.P. HANSEN # 3833, P.O. J. RUIZ #13120, P.O. WEINGART #18482, P.O. M. WALTER #4118 and SGT. LUCID #2361 for a reasonable amount in compensatory damages, punitive damages, plus attorneys' fees and costs.

## COUNT V – MALICIOUS PROSECUTION

1-17. The Plaintiff, ITEMID AL MATAR hereby realleges and incorporates her allegations of paragraphs 3-19 of Count II as her respective allegations of paragraphs 1-17 if Count IV as though fully set forth herein.

18. The Defendants proceeded with the criminal charges knowing they were false.

19. The Plaintiff had to go to court on numerous occasions as a result of the actions, charges and conduct of the Defendants, P.O. D.R. BORCHARDT #16806, P.O. T.P. HANSEN # 3833, P.O. J. RUIZ #13120, P.O. WEINGART #18482, P.O. M. WALTER #4118 and SGT. LUCID #2361.

20. The actions of the Defendants were willful and wanton.

21. The Plaintiff, ITEMID AL MATAR prevailed at trial and was found not guilty.

22. As a result of the actions of the Defendants, the Plaintiff suffered emotional distress, fear, anxiety, monetary expenses, pain and suffering.

**WHEREFORE**, the Plaintiff, ITEMID AL MATAR, prays for judgment in her favor and against the Defendants, P.O. D.R. BORCHARDT #16806, P.O. T.P. HANSEN # 3833, P.O. J. RUIZ #13120, P.O. WEINGART #18482, P.O. M. WALTER #4118 and SGT. LUCID #2361 for a reasonable amount in compensatory damages, punitive damages, plus costs.

## COUNT VI - INDEMNIFICATION

1-39. The Plaintiff, ITEMID AL MATAR, hereby realleges and incorporates her allegations of paragraphs 1-39 of Counts I through IV as her respective allegations of paragraphs 1-19 of Count III as though fully set forth herein.

20. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

21. The Defendants, , P.O. D.R. BORCHARDT #16806, P.O. T.P. HANSEN # 3833, P.O. J. RUIZ #13120, P.O. WEINGART #18482, P.O. M. WALTER #4118 and SGT. LUCID #2361 were employees of THE CITY OF CHICAGO, who acted within the scope of their employment in committing the misconduct described herein.

**WHEREFORE**, should the individual Defendants, be found liable for any of the acts alleged above, the Defendant, THE CITY OF CHICAGO, would be liable to pay the Plaintiff, ITEMID AL MATAR any judgment obtained against the Defendants.

### VII – MONEL CUSTOM PRACTICE POLICY AND PROCEDURES

1-68. The Plaintiff realleges and incorporates the allegations contained in paragraphs 1-68 of Count V as her respective allegations of paragraphs 1-68 of Count VII as though fully set forth herein.

69. The City of Chicago has a duty and obligation to supervise, discipline and train its officers to prevent them from violating citizens' rights through the power and authority they have.

70. The individual Defendants in this action collectively have over thirty-five (35) complaint registers lodged against them. One of them for use of force was sustained against P.O. D.R. BORCHARDT #16806.

71. The City of Chicago has failed to monitor, supervise or train their officers which have therefore given them the comfort and sense that they can violate citizens' rights and not be disciplined.

72. This lack of supervision and training fosters a climate in the ranks of Chicago Police Department that if a citizen's rights are violated they do not have to report it, can look the other way and maintain a code of silence.

73. In November 2012, a Federal Jury returned a verdict affirming the existence of a code of silence within the ranks of the Chicago Police Department and a wide spread custom of practice of failing to investigate and or discipline officers (Obrycka v City of Chicago, 913 F. Supp 2nd 598).

9

74. As recently as December 8, 2015, the Mayor of the City of Chicago, Rahn Emanuel, acknowledged in a speech to the press, the City Council and the public that there is a prevailing "code of silence" within the Chicago Police Department that must be rectified and corrected.

75. This persistent and defiant code of silence was a moving force behind the Defendant's actions complained herein.

76. The City of Chicago also has an obligation to train the officers for the sensitivity of religious expression and freedom.

77. The City of Chicago has failed to provide said training.

78. As a result of the customs, policies and practices for the City of Chicago and failure to train; the Defendant officers ignored the rights of the Plaintiff herein.

79. As a result of the customs, policies and practices of the City of Chicago the Defendant officers failed to report the unlawful actions committed against the Plaintiff and the actions they took thereafter.

80. As a result thereof the Plaintiff's rights were violated in a long standing climate of the Chicago Police Department violating citizens' rights.

81. As a result thereof the Plaintiff's rights were violated and she suffered fear, insult, pain, suffering, emotional distress, and embarrassment.

**WHEREFORE**, the Plaintiff, ITEMID AL MATAR, prays for judgment in her favor and against the Defendant, CITY OF CHICAGO, for a reasonable amount in compensatory damages, plus attorneys' fees and costs.

## **JURY DEMAND**

The Plaintiff, ITEMID AL MATAR hereby requests a trial by jury.

Respectfully submitted,

*/s/ Gregory E. Kulis*
Gregory E. Kulis

**Gregory E. Kulis & Associates, Ltd.**
**30 North LaSalle Street, Suite 2140**
**Chicago, Illinois 60602**
**(312) 580-1830**
**No. 6180966**

Respectfully submitted,

*/s/ Phillip Robertson*
Phillip Robertson

**Phillip Robertson, Trial Attorney**
**Council on American Islamic Relations**
**17 N. State Street – Suite 1500**
**Chicago, IL 60602**
**312-212-1520**