# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ITEMID AL MATAR, | |
| Plaintiff, | Case No. 16-cv-8033 |
| v. | Judge John Robert Blakey |
| D.R. BORCHARDT, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Itemid Al Mater ("Plaintiff") has brought various constitutional claims against both individual Chicago Police Officers and the City of Chicago, pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Currently pending before the Court is the City's motion to dismiss Plaintiff's *Monell* claim. [28] at 1-13. The motion is denied, for the reasons explained below.

## I. Background[1]

On July 4, 2015, Plaintiff passed several Chicago Police Officers on the stairs of the train stop located at the intersection of State Street and Lake. [15] at 2. After she had walked passed the officers, they followed her up the stairs, threw her to the ground, and ripped off her hijab and niqab. *Id.* This use of force was unprovoked. *Id.* at 3. Plaintiff claims that the individual officers are liable for, *inter alia*, use of excessive force, failure to intervene, false arrest, unlawful search, and violation of her freedom of religious expression. *See generally* [15] at 1-8.

---

[1] This section is based upon the allegations contained in Plaintiff's Amended Complaint, [15] at 1-11, which are taken as true for the purposes of this Opinion only.

With respect to the City specifically, Plaintiff claims that it "has failed to monitor, supervise or train [its] officers," and that this "lack of supervision and training fosters a climate in the ranks of Chicago Police Department that if a citizen's rights are violated they do not have to report it, can look the other way and maintain a code of silence." [15] at 9. Plaintiff additionally alleges that the City has failed to adequately train its officers regarding "the sensitivity of religious expression and freedom." *Id.* at 10.

In support of these more general allegations, Plaintiff claims that:

- The individual officers involved in the July 4 incident "have over thirty-five (35) complaint registers lodged against them," including one for impermissible use of force against Defendant Borchardt that was sustained;

- The jury verdict in *Obrycka v. City of Chicago*, Case No. 07-cv-2372 (N.D. Ill.) and comments from Mayor Rahm Emanuel confirm the existence of a "code of silence" at the Chicago Police Department; and

- Since "2009, the Council for American-Islamic Relations (CAIR) in Chicago has recorded and lodged into its organization over 50 incidents against Chicago Police for what appears to be Islamic targeting."

*Id.* at 9-10.

Plaintiff concludes by alleging that the "persistent and defiant code of silence was a moving force behind" the constitutional harms she suffered, and as a "result of the customs, policies and practices for the City of Chicago and [its] failure to train," the individual officers "ignored the rights of the Plaintiff," as described throughout the Amended Compliant. *Id.* at 10.

2

## II. Legal Standard

A motion to dismiss under Rule 12(b)(6) "challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted." *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). To survive a motion to dismiss, a complaint must first provide a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice" of what the claim is "and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Second, the complaint must contain "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). That is, the allegations must raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs. Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). The "amount of factual allegations required to state a plausible claim for relief depends on the complexity of the legal theory alleged," but "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Limestone Dev. Corp. v. Vill. Of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008). In evaluating the complaint, the Court accepts all well-pleaded

allegations as true and draws all reasonable inferences in favor of Plaintiff. *Iqbal*, 556 U.S. at 678.

## III. Analysis

For liability to attach under *Monell*, a municipality's policy, not its employees, must be the source of the purportedly unconstitutional conduct. *Id.*; *Auriemma v. Rice*, 957 F.2d 397, 399 (7th Cir. 1992) ("Municipalities are answerable only for their own decisions and policies; they are not vicariously liable for the constitutional torts of their agents."). Consequently, a § 1983 complaint against a municipality "must plead the existence of a custom or policy that was the direct cause of the deprivation of a federal right." *Caldwell v. City of Elmwood, Ind.*, 959 F.2d 670, 673 (7th Cir. 1992). Specifically, Plaintiff must plead factual content that would allow the Court to plausibly infer that: (1) she suffered the deprivation of a constitutional right; and (2) an official custom or policy caused that deprivation. *Barwicks v. Dart*, No. 14-cv-8791, 2016 WL 3418570, at *2 (N.D. Ill. June 22, 2016). The requisite "official custom or policy" can take the form of: (1) an express municipal policy; (2) a widespread, though unwritten, custom or practice; or (3) a decision by a municipal agent with final policymaking authority. *See Milestone v. City of Monroe, Wis.*, 665 F.3d 774, 780 (7th Cir. 2011).

### A. *White v. City of Chicago*

A § 1983 municipal liability claim "need not meet any heightened pleading standard, but rather must simply set forth sufficient allegations to place the court and defendants on notice of the gravamen of the complaint." *Latuszkin v. City of*

4

*Chicago*, 250 F.3d 502, 504 (7th Cir. 2001); *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168 (1993). The Seventh Circuit recently underscored the expansive nature of this standard in *White v. City of Chicago*, 829 F.3d 837, 839 (7th Cir. 2016), *cert. denied sub nom.*, 137 S. Ct. 526 (2016). In *White*, after a two-year narcotics investigation, the defendant police officer applied for dozens of arrest warrants, including one for the plaintiff. *Id.* In a later civil suit, the plaintiff claimed that the officer failed to present the judge who issued the warrant with enough information to establish probable cause for the arrest. *Id.* The plaintiff also alleged a *Monell* claim against the City of Chicago for its supposed widespread practice of seeking arrest warrants upon the basis of conclusory complaint forms. *Id.* at 841. The district court held that the plaintiff had failed to state a *Monell* claim because his complaint solely stated that the officer who arrested the plaintiff "acted in accordance with a widespread practice of the police department of the City of Chicago when seeking a warrant." *Id.* at 843. According to the district court, this conclusory statement was not enough "to draw the reasonable inference that the City maintained a policy, custom, or practice that deprived [the plaintiff] of his constitutional rights." *Id.*

The Seventh Circuit disagreed. *Id.* The court noted that the plaintiff's complaint cited his individual claim against the officer, and further alleged that the officer's conduct was in "accordance with a widespread practice of the police department of the City of Chicago." *Id.* at 844. Citing *Leatherman,* the court held that this "was enough to satisfy the 'short and plain statement of the claim'

5

requirement of Rule 8(a)(2)." *Id.* According to the Seventh Circuit, the plaintiff "was not required to identify every other or even one other individual who had been arrested pursuant to a warrant obtained through the complained-of process." *Id.* (internal citation omitted).

### B. Plaintiff's *Monell* Claim Survives Under *White*

As discussed *supra*, Plaintiff claims, *inter alia*, that she was subjected to: (1) the use of excessive force; (2) false arrest; (3) an unlawful search; and (4) a violation of her freedom of religious expression. *See generally* [15] at 1-8. She additionally claims that certain individual officers failed to intervene when her rights were being violated. *Id.* at 1-3. The Amended Complaint further alleges that: (1) the "persistent and defiant code of silence was a moving force behind" the constitutional harms she suffered; and (2) as a "result of the customs, policies and practices for the City of Chicago and [its] failure to train," the individual officers "ignored the rights of the Plaintiff," as described elsewhere in the Amended Compliant. *Id.* at 10. Finally, Plaintiff notes that since 2009, the Council for American-Islamic Relations in Chicago "has recorded and lodged into its organization over 50 incidents against Chicago Police for what appears to be Islamic targeting." *Id.*

Quite simply, Plaintiff has plausibly alleged that: (1) she was deprived of various constitutional rights; and (2) those same deprivations were caused by widespread customs or practices; namely, a failure to train regarding religious sensitivity and a code of silence. Under *White*'s permissive standard, these allegations are sufficient for the purposes of Rule 12(b)(6).

This is not an incongruous result. Courts in this district have long recognized that plaintiffs with *Monell* claims need only to "*allege* a pattern or practice, not put forth the full panoply of evidence from which a reasonable factfinder could conclude such a pattern exists." *Barwicks*, 2016 WL 3418570, at *4 (emphasis in original). In other words, Plaintiff needed only to "plead that the alleged incident is one of many" occurring in the City of Chicago and "that a widespread practice" gave rise to those incidents. *Id.* at *5. She has met this burden.

**IV.    Conclusion**

Defendant's motion to dismiss Plaintiff's *Monell* claim [28] is denied.

Date: May 19, 2017

Entered:

_____
John Robert Blakey
United States District Judge

7